**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Criminal No.   16-10022-JDB** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TONY O. MILLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**POSITION OF THE UNITED STATES AS TO**
**PRE-SENTENCE REPORT**

---

Comes now the United States Attorney for the Western District of Tennessee by and through his duly authorized Assistant, and requests the following factual adjustments to the pre-sentence report prepared and filed in the above styled and numbered cause:

1. Paragraph 8 indicates surveillance of the Miller residence took place between February 24, 2015, and March 4, 2015.   The surveillance actually occurred during the month of August, 2015, in the weeks prior to execution of a search warrant at Miller's home. The warrant was executed on September 10, 2015.

2. Paragraph 9 indicates Miller accessed the child pornography website for approximately 58 hours between February 24 and March 5, 2015.   The 58 hours of access actually took place between the time Miller's account was initiated, in or about January, 2015, and March 5, 2015.

3. Paragraph 13 indicates that a search warrant was executed at Miller's residence on

March 5, 2015.   The warrant was not executed until September 10, 2015.

4. Paragraph 14 indicates that the FBI contacted the Selmer Police Department on March 5, 2015, and that Miller was present and searched.   A warrant to search the person and vehicle of Tony Miller was executed on September 10, 2015, but not at the Selmer Police Department.   A separate warrant to search Miller's office at the Selmer Police Department was also executed on September 10, 2015; Miller was not present.

5. Paragraph 14 identifies "Yandex" as a foreign-based child pornography website.   Yandex is a foreign-based email provider that has been used by other individuals who have been investigated and/or charged with child pornography violations.

The United States would also argue that a two-point increase for obstruction of justice pursuant to the United States Sentencing Guidelines Manual (USSG) Section 3C1.1 is merited. The government submits that Miller's use of wiping software on his work-issued laptop computer and Miller's failure to account for or return his work-issued cell phone (despite repeated requests to do so) are indicative of obstruction.   The government may present additional evidence in support of this enhancement at sentencing.   This evidence would include testimony that Miller was scheduled to attend a meeting with child pornography investigators shortly before the date the wiping software was used, but abruptly cancelled the appointment.   The evidence would also include examples of national media coverage of the undercover investigation that alerted users of the website Miller was accessing to the fact that the site had been compromised by law enforcement, and testimony that members of the child pornography community advised deleting any evidence of that access.

Finally, Title 18, United States Code, Section 3014(a)(4) codifies the Justice for Victims of Trafficking Act of 2015, and mandates that a special assessment of $5,000 be assessed on any

non-indigent person or entity convicted of an offense involving the sexual exploitation of children. If this Court makes a finding at sentencing that Miller is indigent, the assessment need not be imposed.

The United States has no other objections, and therefore requests no additional adjustments other than those stated herein.

Respectfully submitted,

EDWARD L. STANTON III
Acting United States Attorney

By:     /s/ Debra L. Ireland
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Debra L. Ireland, Assistant United States Attorney, do hereby certify that a copy of the foregoing Motion was forwarded by electronic means, via the Court's Electronic Filing System, to Daniel J. Taylor, Esq., Attorney for Defendant.

This    8th    Day of December, 2016.

 /s/   Debra L. Ireland
Assistant United States Attorney