IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                             ) | |
|       Plaintiff,            ) | |
|                             ) | |
| vs.                         ) | Cr. No. 1:16cr10022-001 |
|                             ) | |
| TONY MILLER,                ) | |
|       Defendant.            ) | |
|                             ) | |

## POSITION OF THE DEFENDANT AS TO PRESENTENCE REPORT

The Defendant, Tony Miller, through counsel, and pursuant to Local Rule 32.1(d) of the Local Rules of Court, hereby states that counsel and the Defendant have reviewed the proposed presentence report prepared in this case.

1   The Defendant objects to several things listed in the report.

2.   The Defendant objects to the finding in Part A, paragraph 19, that the Defendant should not receive an adjustment for Acceptance of Responsibility. The conduct listed occurred prior to the Defendant's indictment and being charged. The Defendant submits that as consideration for his guilty plea, the Government specifically listed in the written plea agreement that they would have no objection to his receiving acceptance credit. The Defendant submits that nothing changed from the point the Defendant was charged and then indicted. The conduct that occurred prior to the Defendant's indictment was known to the parties and taken in consideration as part of the Defendant's waiving his right to trial, agreeing to the plea agreement, and waiving his appeal. The

Defendant relied upon receiving an acceptance of responsibility adjustment. The Defendant submits that he should receive that adjustment. The Defendant submits that pursuant to Section 3C1.1 and 3E1.1 that extraordinary circumstances do apply in this case.  Furthermore, the Defendant submits that the alleged conduct did not occur after or contemporaneously with the arrest.

3. The Defendant objects to the two level enhancement listed in Part A, Paragraph 25 as to Section 2G2.2(b)(7)(B), that the offense involved at least 10 images but fewer than 150 images. The Defendant submits that the presentence report states in Part A, Paragraph 16, "There is no information regarding the number of images Miller viewed on the child pornography server, and there are no identifiable victims." In Part A, Paragraph 10, It states, "On February 24, 2015, Miller viewed an image/video of a prepubescent female..."

The Defendant submits if there is no information regarding the number of images viewed, and if the Part A, Paragraph 10 statement that states "image/video", is the reason for the enhancement, the Defendant objects to the enhancement. The Defendant submits if there is no information as was stated in the report regarding the number of images and that there is no proof as to whether the video was played or just the image link was viewed without proof that it was clicked on or activated to play the video, then the Defendant submits this enhancement should not apply. If a person looks at the single image that is depicted on the link to start the video without proof that the link was clicked on or activated to start the video to watch the video, the Defendant submits it should be counted as one image and that the video enhancement or formula should not apply. The Defendant submits there must be proof to support the enhancement.

4. The Defendant objects to the finding in Part F, Paragraph 87 that there are no identified factors that may warrant a variance. The Defendant does submit the following pursuant to 18 U.S.C. Section 3553(a)(1) for the Court's consideration in sentencing:

a. Mr. Miller is 37 years old and is the Father of a one-year old child that has significant health problems. Mr. Miller's wife works full-time and since his arrest and unemployment, Mr. Miller helps watch and take care of the child.

b. Mr. Miller is well educated. He graduated from high school, graduated from U.T. Martin with a Bachelor of Science degree, and graduated from the Nashville School of Law in 2014. (See Part C, Paragraph 52-54 in the presentence report).

c. Mr. Miller has a lengthy employment history. He was employed as a law enforcement officer from 1999 until September 2015. He received several rank promotions to sergeant and then to lieutenant.

d. The Defendant submits that other than this offense, he has lived a good and productive life. The Defendant does submit the attached character letters from family and friends that attest to this and that also attest to the loss of job, career, and potential future career options that this conduct has cost Mr. Miller. The Defendant submits that this constituted aberrant behavior when viewed with the many productive and good things the Defendant has done in his life.

5. Regarding a fine, Mr. Miller submits that as stated in Part C, Paragraph 60, he does not possess the ability to pay a fine.

6. The Defendant does request the court recommend he be allowed to serve this sentence near West Tennessee.

For all of these reasons, the Defendant request the Court consider all these issues in sentencing the Defendant.

Respectfully submitted,


/s/ Daniel J. Taylor
Daniel J. Taylor
Attorney for Defendant
Tennessee Bar Reg. #015700
312 East Lafayette, P.O. Box 2004
Jackson, Tennessee  38302-2004
(731) 424-0461


**CERTIFICATE OF SERVICE**

The undersigned certifies a true copy of the foregoing has been served on:

| | |
|---|---|
| Sent by email | |
| Barbara Hampton-Franseen | Debra Ireland |
| U.S. Probation Officer | 167 North Main Street |
| 101 Federal Bld | Suite 800 |
| 109 South Highland | Memphis, TN 38103 |
| Jackson, TN 38301 | Deb.ireland@usdoj.gov |

by emailing and filing on December 30, 2016.


/s/ Daniel J. Taylor
Daniel J. Taylor